**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4482**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASUL GATFORD,

Defendant - Appellant.

_____

**No. 22-4487**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASUL GATFORD,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:13-cr-00010-BO-2; 7:21-cr-00140-BO-1)

_____

Submitted:  January 23, 2024                                   Decided:  February 1, 2024

_____

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

———————————

No. 22-4482, vacated and remanded; No. 22-4487, affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Logan W. Liles, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In separate appeals, Appellant Rasul Gatford challenges a criminal judgment, Appeal No. 22-4487, and a revocation judgment, Appeal No. 22-4482. The appeals have been consolidated. For the reasons that follow, in Appeal No. 22-4482, we vacate Gatford's 14-month revocation sentence and remand for resentencing; in Appeal No. 22-4487, we affirm the criminal judgment.

I.

While serving a term of supervised release for previous drug and firearm offenses, Gatford was arrested on new drug and firearm charges. The probation officer filed a petition in the district court asking the court to revoke Gatford's supervised release based on his new criminal conduct. Gatford subsequently was charged in federal court and pled guilty, pursuant to a written plea agreement, to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).[1]

The district court held a joint hearing on the revocation petition and the sentencing on the new charges where the court revoked Gatford's term of supervised release, sentenced Gatford to 60 months' imprisonment for the drug and firearm offenses, and

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions. The new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply here, however, because Gatford committed his offense before the June 25, 2022, amendment of the statute.

imposed a 14-month consecutive term of imprisonment for the revocation sentence, resulting in an aggregate sentence of 74 months.  Gatford noticed two appeals for (1) the new criminal offenses and (2) the revocation sentence.[2]

## II.

Gatford argues that his revocation sentence was procedurally unreasonable.  He notes that the district court imposed a sentence different from the one he requested but failed to offer any explanation why it rejected his request and his arguments in support of it.

During the joint sentencing/revocation hearing, the district court announced that Gatford's Sentencing Guidelines range on his new convictions was "70 to 87 months on both counts" and that the policy statement range for the supervised release revocation sentence was 30 to 37 months.  The court invited counsel to present arguments as to an appropriate sentence asking, "What's the package?"

Gatford's counsel argued in favor of a 60-month downward variance sentence, contending that a below-Guidelines range sentence was "the appropriate result in this case as a package."  Gatford's attorney presented several arguments in support of this sentence, emphasizing the small quantity of drugs involved in the offense, the sentencing disparity

---

[2] On appeal, Gatford has declined to challenge his convictions and 60-month sentence on the new charges, citing the appeal waiver in his written plea agreement.  The Government has not sought to enforce the appeal waiver.  Because Gatford's opening brief does not challenge his convictions or sentence on the new criminal charges, Gatford has waived appellate review of the criminal judgment. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief.").  Accordingly, we affirm the criminal judgment.

between cocaine and cocaine base offenses, and the fact that there was no evidence that the firearm was used during any drug transaction. The Government argued in favor of a sentence above the 70- to 87-month Guidelines range on the new criminal charges, contending that a 96-month upward departure or variance sentence was appropriate.

Without further discussion or explanation, the court announced Gatford's sentence of 60 months on the new criminal charges, and "[o]n the revocation, I'll impose a sentence of 14 months consecutive to the sentence on the new case." On appeal, Gatford argues that the sentence imposed upon the revocation of his supervised release was procedurally unreasonable because the court failed to sufficiently explain the sentence and failed to address his arguments for a lesser sentence.

1.

We first address the standard of review. "[I]f a party repeats on appeal a claim of procedural sentencing error . . . [that] it has made before the district court, we review for abuse of discretion" and will reverse unless we conclude "that the error was harmless." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). For instance, if "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by arguing "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." *Id.* at 578. However, we review unpreserved non-structural sentencing errors for plain error. *Id.* at 576-77.

The Government contends that Gatford's sentencing arguments addressed only the sentence for the new criminal charges and that he did not request a specific sentence on the revocation. It therefore asserts that Gatford's sentencing challenge should be reviewed for

5

plain error. Gatford argues that his argument in favor of a 60-month sentence was for an aggregate sentence for both the new criminal charges and the revocation and that he preserved his challenge to the reasonableness of the revocation sentence.

While there is merit to both arguments, we discern from the record that it is more likely than not that the district court sought recommendations on the aggregate sentence for both the new charges and the revocation. Thus, we conclude that Gatford argued for a revocation sentence different from the sentence imposed and that he thereby preserved for appeal his claim of procedural sentencing error.

2.

Gatford argues that his revocation sentence was procedurally unreasonable because the district court failed to adequately justify the sentence imposed. "A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable. *Id.* Only if we find the sentence procedurally or substantively unreasonable, must we decide whether it is "plainly" so. *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007) (stating that a plainly unreasonable sentence is one in which the error is clear and obvious). In making this determination, we are guided by "the same procedural and substantive considerations that guide our review of original sentences," but we take "a more deferential appellate

6

posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (alteration and internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings). "[A] revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

"A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted).  An explanation is adequate if it permits this court to determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (alterations and internal quotation marks omitted).

Our review of the sentencing transcript demonstrates that the district court did not address Gatford's arguments and provided no explanation for the sentence imposed on the revocation of Gatford's supervised release.  Accordingly, we conclude that the district

court failed to "provide enough of an explanation to assure this Court that it considered the parties' arguments and had some basis for choosing the imposed sentence." *Slappy*, 872 F.3d at 210.

> [A] district court, when imposing a revocation sentence, must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this Court can meaningfully consider the procedural reasonableness of the revocation sentence imposed. We continue to recognize that a court's statement of reasons for imposing a revocation sentence need not be as specific as has been required for departing from a traditional guidelines range. But where a court entirely fails to mention a party's nonfrivolous arguments in favor of a particular sentence, or where the court fails to provide at least some reason why those arguments are unpersuasive, even the relaxed requirements for revocation sentences are not satisfied.

*Id.* at 208–09 (citations and internal quotation marks omitted). Because the district court offered no explanation of Gatford's revocation sentence, that sentence is procedurally unreasonable.

III.

For the foregoing reasons, in Appeal No. 22-4482, we vacate Gatford's revocation sentence and remand for resentencing with instruction that the district court explain its basis for choosing whatever sentence it imposes. In Appeal No. 22-4487, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<em>No. 22-4482, VACATED AND REMANDED;<br>No. 22-4487, AFFIRMED</em>